# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | CIVIL ACTION NO. 1:18-CV-1539 |
| Petitioner | (Chief Judge Conner) |
| v. | |
| **SERVICE TIRE TRUCK CENTERS,** | |
| Respondent | |

## MEMORANDUM

Petitioner U.S. Equal Employment Opportunity Commission ("EEOC") filed an application (Doc. 1) to enforce its administrative subpoena. Respondent Service Tire Truck Centers ("Service Tire") challenges portions of the subpoena as seeking irrelevant information and being unduly burdensome. We will grant in part and deny in part the EEOC's application.

I. **Factual Background & Procedural History**

In July 2017, Jennifer L. Henderson ("Henderson") filed a charge of discrimination with the EEOC and the Pennsylvania Human Relations Commission against Service Tire. (Doc. 1-2, Decl. of Dilip Gokhale ("Gokhale Decl."), Ex. 2). Henderson alleged that Service Tire discriminated against her on the basis of gender and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, when it denied her a promotion to a sales position. (Id.) Henderson later amended the charge to include a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), asserting that Service Tire paid her less than male employees performing comparable work. (Gokhale Decl., Ex. 3).

The EEOC served Service Tire with the amended charge and simultaneously requested a "Position Statement" that explained Service Tire's legal and factual defenses to the discrimination claim. (Id., Ex. 5 at 2-3). The same day, the EEOC made its first request for information ("RFI") from Service Tire, seeking, *inter alia*, personnel documents, employee and supervisor information, salary details, company policies, and correspondence related to the charge. (Id., Ex. 5 at 4-7). Service Tire requested several extensions to respond to the amended charge, which the EEOC granted. (Id., Exs. 6-9). Service Tire eventually provided a late-filed position statement in January 2018 but did not respond to the RFI. (Id., Ex. 10).

The EEOC followed up with Service Tire several times regarding the RFI. (Id., Exs. 11-12). Despite claiming that a reply was forthcoming, Service Tire never responded. (Id. ¶ (n)). In March 2018, the EEOC served a second RFI, setting a response deadline of April 9, 2018. (Id., Ex. 14). Service Tire again failed to respond. (Id. ¶ (q)). Consequently, the EEOC issued a subpoena *duces tecum* on May 14, 2018, seeking similar information as requested in the RFIs and setting a response deadline of June 4, 2018. (Id., Ex. 15). On June 4, 2018, Service Tire finally responded to the EEOC's requests. (Id., Ex. 17). However, the majority of Service Tire's responses contained formulaic objections claiming that the requests were "overly broad, unduly burdensome," and "seeking information that is not reasonably calculated to lead to discovery of admissible evidence." (Id., Ex. 17 at 3-9).

The EEOC did not contact Service Tire regarding the incomplete June 4 subpoena response. (Doc. 12 at 3). On August 3, 2018, the EEOC instead filed an

2

application in this court seeking a show-cause order as to why the EEOC's administrative subpoena should not be enforced, and further seeking enforcement of the subpoena. The court ordered Service Tire to show cause, and the parties have fully briefed the subpoena-enforcement issue, which is ripe for disposition.

## II. Legal Standard

Section 2000e-5 of Title 42 of the United States Code empowers the EEOC to investigate charges of employment discrimination. 42 U.S.C. § 2000e-5(b). As part of its investigatory authority, the EEOC may issue administrative subpoenas to employers and may seek enforcement of those subpoenas in federal district court. See id. §§ 2000e-5(f)(3), 2000e-8, 2000e-9 (incorporating 29 U.S.C. § 161); 29 C.F.R. § 1601.16(a). To obtain court enforcement of an administrative subpoena, the EEOC must establish that (1) the investigation is for a legitimate purpose, (2) the subpoena seeks information relevant to that purpose, (3) the EEOC does not already possess the requested information, (4) the EEOC has complied with requisite administrative procedures, and (5) the EEOC's demand is not "unreasonably broad or burdensome." E.E.O.C. v. Kronos Inc., 620 F.3d 287, 296 n.4 (3d Cir. 2010) (quoting Univ. of Med. & Dentistry of N.J. v. Corrigan, 347 F.3d 57, 64 (3d Cir. 2003)).

The EEOC is entitled to access evidence that is "relevant to the charge under investigation." Id. (quoting 42 U.S.C. § 2000e-8(a)). The relevance requirement for an EEOC investigation has been construed broadly and is "not particularly onerous." Id. As the Supreme Court has repeatedly admonished, the term "relevant" should "be understood 'generously'" and afford the EEOC access to "virtually any material that might cast light on the allegations against the

3

employer." McLane Co. v. E.E.O.C., 581 U.S. __, 137 S. Ct. 1159, 1169 (2017) (quoting E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 68-69 (1984)). The burden of demonstrating relevance rests with the EEOC. Kronos Inc., 620 F.3d at 297 (citation omitted).

## III. Discussion

The EEOC first contends that Service Tire's failure to petition to revoke or modify the subpoena acts as a waiver to any objections to the subpoena's enforcement. The EEOC further argues that even if the court reaches the merits of Service Tire's objections, the subpoena requests are relevant to the underlying discrimination charge. Service Tire counters that it did not waive objections to the subpoena, that many of the EEOC's requests are irrelevant or unduly burdensome, and that if the court requires compliance with the subpoena, a confidentiality order is necessary to protect the sensitive information requested. We will address these issues *seriatim*.

### A. Waiver of Right to Challenge Subpoena Due to Failure to Exhaust Administrative Remedies

The EEOC points to 29 U.S.C. § 161 and corresponding regulations to argue that Service Tire's failure to properly seek a revocation or modification of the subpoena bars any challenge to the subpoena in court-enforcement proceedings. In particular, 29 C.F.R. § 1601.16(b)(1) states that "any person served with a subpoena who intends not to comply *shall* petition" the EEOC "to seek its revocation or modification . . . within five days . . . after service of the subpoena." 29 C.F.R. § 1601.16(b)(1) (emphasis added). The EEOC contends that because Service Tire

4

did not timely or properly petition for revocation or modification as set forth in Section 1601.16(b), it cannot now challenge the subpoena in this court. We disagree. Under the circumstances in the case *sub judice*, we find that Service Tire has not waived its objections to the subpoena.

Whether exhaustion applies in the context of challenging an administrative subpoena was directly addressed in E.E.O.C. v. Lutheran Social Services, 186 F.3d 959 (D.C. Cir. 1999).[1] There, an employer objected to an administrative subpoena on the grounds of attorney-client privilege and the work product doctrine, but failed to follow the express requirements of Section 1601.16(b)(1). Lutheran, 186 F.3d at 960, 961. The EEOC claimed the employer had thus waived any objection to the subpoena. Id. at 961. The Lutheran court first noted the difference in the permissive language of 29 U.S.C. § 161(1)—"within five days after service of the subpoena . . . such person *may* petition" the EEOC to revoke the subpoena—and the mandatory "shall petition" phrasing of the regulation. Lutheran, 186 F.3d at 962 (quoting 29 U.S.C. § 161(1) (emphasis added)). The court concluded that the regulation could not override the express statutory language and therefore did not "strip federal courts of authority to determine whether the subpoena the agency seeks to enforce is lawful." Id. at 962. This holding, nevertheless, did not divest Section 1601.16(b)(1) of its "legal bite" because that regulation's "mandatory language creates a strong presumption that issues parties *fail to present to the*

---

[1] It does not appear that the Third Circuit has considered this question. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 98, 100 (3d Cir. 2017) (finding administrative exhaustion issue "compelling" and "interesting" but not reaching merits due to procedural errors below). In the absence of Third Circuit guidance, we find the *ratio decidendi* of Lutheran to be persuasive.

5

*agency* will not be heard in court." Id. at 964 (emphasis added) (citation omitted). The court cautioned that in the "more typical situation" where an employer's objections are based on relevance or particularity, factors expressly listed in 29 U.S.C. § 161(1) and in which the EEOC has "considerable expertise," administrative exhaustion may be required. Id. at 965.

Both parties contend that Lutheran supports their respective positions. The EEOC argues that the facts in the instant case represent the exact situation the Lutheran court warned would implicate the exhaustion requirement. That is, because Service Tire objects to the subpoena on relevance and particularity grounds, it should have complied with Section 1601.16(b)(1) and cannot now object in federal court. Service Tire broadly counters that Lutheran and its progeny stand for the proposition that "not filing a petition to revoke or modify the subpoena with the EEOC does not act as a waiver of objections." (Doc. 12 at 6). Neither party is entirely correct.

Service Tire misreads Lutheran. Lutheran does not reduce Section 1601.16(b) to a nullity. *Per contra*, Lutheran provides that in normal circumstances, objections to an administrative subpoena on grounds within the purview of the EEOC should be raised first with the EEOC in compliance with the regulation. But whether failure to properly seek administrative remedies bars an objection to the subpoena in federal court is a fact-specific analysis that considers (1) content of the subpoena and related agency communication regarding statutory and regulatory compliance, (2) grounds of the objection, and (3) when and how the objection is raised and addressed. Lutheran, 186 F.3d at 964-67.

6

Analysis of these factors demonstrates how the EEOC's argument misses the mark. Neither the EEOC's subpoena nor related email to Service Tire specifically references any statute or regulation that concerns petitioning the EEOC to modify or revoke the subpoena within five days. (See Gokhale Decl., Ex. 15). Granted, the subpoena mentions that it is "issued pursuant to 42 U.S.C. § 2000e-9," which statute references 29 U.S.C. § 161, but even so the language in Section 161 is not mandatory. If the EEOC desired strict compliance with 29 C.F.R. § 1601.16(b), it would be exceptionally easy to include this regulation's text or citation in the agency's cover letter, email, or subpoena itself.[2] The only response date given to Service Tire was the June 4, 2018 deadline noted on the face of the subpoena.

The second factor—the grounds for the objection—certainly cuts in the EEOC's favor. Relevance and particularity are squarely within the purview of the EEOC. See Lutheran, 186 F.3d at 965. The EEOC is well equipped to address such objections without resort to federal court guidance, and the agency's views on this subject would warrant considerable deference. Id.

But this second consideration is inextricably connected with the third factor, because Service Tire is not raising its relevance and particularity objections for the first time in this court. Within the deadline for responding to the subpoena, Service Tire communicated its objections directly to the EEOC investigator. (See Gokhale Decl., Ex. 17 at 3-9). The EEOC was fully aware of the objections and thus Service

---

[2] We do not imply that the EEOC *must* take such actions or that counsel does not need to be cognizant of relevant regulations. It is simply one of the factors to consider when determining whether to excuse noncompliance with Section 1601.16(b).

Tire does not face the "strong presumption that issues parties fail to present to the agency will not be heard in court." Lutheran, 186 F.3d at 964. Yet rather than engaging with Service Tire to administratively resolve the challenge, the EEOC waited for two months and then filed this enforcement action, claiming Service Tire waived its objections through noncompliance. Such conduct undermines the very purpose of administrative exhaustion, which is "to allow an administrative agency to perform functions within its special competence." Id. at 965 (quoting Parisi v. Davidson, 405 U.S. 34, 37 (1972)). Considering the totality of the circumstances, we hold that Service Tire is not barred from asserting its objections to the subpoena despite noncompliance with Section 1601.16(b). See E.E.O.C. v. Bashas' Inc., No. 09-CV-209, 2009 WL 3241763, at *6-10 (D. Ariz. Sept. 30, 2009); E.E.O.C. v. WinCo Foods, Inc., No. S-05-0486, 2006 U.S. Dist. LEXIS 64521, at *9-14 (E.D. Cal. Sept. 8, 2006). But see E.E.O.C. v. City of Long Branch, No. 15-CV-1081, 2018 WL 3104435, at *2-4 (D.N.J. June 22, 2018), appeal filed, No. 18-2836 (3d Cir. Aug. 15, 2018).

### B. Service Tire's Objections to the Subpoena

We now turn to the merits of Service Tire's objections. Service Tire contends that many of the EEOC's requests are irrelevant.[3] We initially note that Service Tire asks the court to deny the entire application, claiming that the EEOC has not established relevance for "any" of its subpoena demands. (Doc. 12 at 7). We will deny this request as it is completely unsupported by the record and withers under

---

[3] Service Tire appears to abandon its "overly burdensome" argument, as nowhere in its briefing does it discuss or explain how responding to the subpoena would "seriously disrupt its normal business operations." See E.E.O.C. v. Randstad, 685 F.3d 433, 451 (4th Cir. 2012) (quoting E.E.O.C. v. Md. Cup Corp., 785 F.2d 471, 477 (4th Cir. 1986)).

8

even a cursory reading of the subpoena and briefing. We will, instead, focus on respondent's specific objections: relevancy challenges to subpoena request numbers 5, 9, 16, and 17.

For numbers 5, 9, and 17, Service Tire disputes only the breadth of the request, as the EEOC demands the complete personnel files of Henderson's supervisor, the individual who was hired for the job which Henderson sought, and several comparator employees. Service Tire argues that personnel files contain a vast amount of sensitive information including tax documents, emergency contacts, retirement plan information, personal email addresses, family information, and medical records, much of which would be entirely irrelevant to the instant charge. The EEOC does not engage with Service Tire's argument, and instead focuses on the relevance of the other information requested in numbers 5, 9, and 17, *viz.*, "application materials, performance reviews, disciplinary notices, leave requests, promotion documents, pay records, and discharge paperwork (if applicable)." (See Gokhale Decl., Ex. 15 at 6, 7).

We are constrained to agree with Service Tire that the EEOC has not made the minimal relevance showing necessary to support its wholesale request for personnel files. There is no doubt that certain documents requested in numbers 5, 9, and 17 (as recited above) are relevant to the instant charge of discrimination in promotion and pay. Service Tire does not argue to the contrary. But the EEOC has not explained why *entire* personnel files are necessary or relevant to its investigation. Accordingly, we will circumscribe subpoena request numbers 5, 9, and 17 to exclude the following sensitive information from the requested personnel

9

files: medical and healthcare information unrelated to pregnancy, retirement plan information, names and other identifying details for spouses and dependents, personal email addresses, copies of social security cards, and tax information beyond earnings and salary.

Service Tire also objects to request number 16, which seeks the following information for all employees at Henderson's branch: full name, sex, social security number, job title, supervisor, date of hire, date of separation (if applicable), home address, and telephone number. Service Tire produced some of this information, but specifically objects to disclosing the employees' names, social security numbers, street addresses (city, state, and zip code were provided), and telephone numbers. (See id., Ex. 18). The EEOC contends that employees' names and contact information are relevant because it must identify and interview coworkers with potential knowledge of the discrimination allegations and defenses.

With the exception of social security numbers, we find that the EEOC has adequately demonstrated relevance for the requested employee information. The data sought by the EEOC would enable it to interview other employees to determine if Service Tire treated its employees differently based on gender or pregnancy, and thus the information "might cast light" on the charge at issue. See E.E.O.C. v. Sears, Roebuck & Co., 885 F.2d 875, 1989 WL 107831, at *2 (9th Cir. 1989) (nonprecedential); E.E.O.C. v. Alliance Residential Co., 866 F. Supp. 2d 636, 642-43 (W.D. Tex. 2011). Request number 16, therefore, is modified only insofar as Service Tire may redact employees' social security numbers. Service Tire must otherwise *fully* respond to request numbers 5, 9, 16, and 17, and to all other remaining

subpoena requests—as amended by the EEOC, (see Doc. 1 ¶ 8(b); Gokhale Decl., Ex. 19)—not specifically challenged or discussed herein.

### C. Request for Confidentiality Order

Service Tire seeks a confidentiality order regarding its responses to request numbers 5 through 10, 13, 15 through 17, 25, and 29. When a party requests a confidentiality order, Kronos provides the applicable framework district courts must apply. E.E.O.C. v. City of Long Branch, 866 F.3d 93, 101 n.6 (3d Cir. 2017). The party seeking confidentiality bears the burden of establishing good cause for the order by demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking closure." Kronos Inc., 620 F.3d at 302. The court must balance public interests against private interests by considering such factors as

> (1) whether disclosure will violate any privacy interests;
> (2) whether the information is being sought for a legitimate purpose or an improper purpose;
> (3) whether disclosure of the information will cause a party embarrassment;
> (4) whether confidentiality is being sought over information important to public health and safety;
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> (7) whether the case involves issues important to the public.

Id. (citation omitted).

A review of these factors leads us to conclude that a confidentiality order is unwarranted. Initially, we note that for request numbers 5, 9, 16, and 17, we have restricted the extent of the personal information to be produced to the EEOC. Disclosure of other information requested in the subpoena may implicate the

11

privacy interests of Service Tire and its employees, but production is being made to the EEOC and not a private party. The EEOC and its agents are expressly prohibited from disclosing this information to the public on pain of fines and criminal prosecution. 42 U.S.C. § 2000e-8(e). Service Tire's concerns about third-party requests under the Freedom of Information Act are misplaced, because personnel files and similar personal information are specifically exempted from disclosure under that statute. See 5 U.S.C. § 552(b)(3), (6). Moreover, Section 552a(b) of Title 5 of the United States Code provides that, except in limited circumstances, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains[.]" 5 U.S.C. § 552a(b).

Turning to the remaining factors, the information is obviously being sought for a legitimate purpose—the EEOC's investigation of a charge of employment discrimination. Service Tire has not argued that disclosure would cause embarrassment, nor can we conclude that disclosure of any of the requested information would be likely to do so. The information being sought by the EEOC is not necessarily important to public health and safety, which cuts in favor of Service Tire's position, but the case involves important public issues of gender and pregnancy discrimination in the workplace. The beneficiary of the confidentiality order would be a private employer rather than a public entity or official, which

favors Service Tire's argument for confidentiality.[4] On balance, we find that most of the Kronos factors weigh against the issuance of a confidentiality order. We will therefore deny Service Tire's request.

IV.    **Conclusion**

Under the specific facts of this case, Service Tire did not waive its objections to the EEOC's subpoena by failing to strictly comply with 29 C.F.R. § 1601.16(b). Those objections, however, are limited and we have addressed them herein. The EEOC's application to enforce its subpoena will be granted in part and denied in part as more fully discussed above. Finally, Service Tire has not shown that disclosure will cause a "clearly defined and serious injury," so we will deny its request for a confidentiality order. An appropriate order shall issue.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    October 17, 2018

---

[4] Neither party mentioned the remaining factor regarding the sharing of information between litigants. Because this matter concerns an EEOC investigation, we find this factor irrelevant to our analysis.